UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY E. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00038-WTL-DKL |
| | ) | |
| NEIL J. MARTIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Leave to Proceed *In Forma Pauperis*, Screening Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**. No initial partial filing fee is feasible at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against defendants Gregory Haynes, Timothy Bartholomew, Jeffery Smith, John Nwannunu, Neil Martin, Naveen Rajoli, and Samuel Byrd, all of whom are physicians at Wabash Valley.  The plaintiff alleges that the defendants violated his Eighth Amendment rights in that they were deliberately indifferent to the pain and treatment of his diabetes and right foot pain from late 2013 through the present.

First, the plaintiff's claims against Gregory Haynes, John Nwannunu, and to the extent he attempts to raise claims against Nurse Hobson and Nurse Robinson, are all **dismissed**.  Liability under § 1983 requires each defendant to be personally involved in the alleged constitutional violation, and the plaintiff's Complaint does not contain any allegations against these defendants. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).

Second, the plaintiff's claims against Timothy Bartholomew and Jeffery Smith are barred by the statute of limitations.  The statute of limitations for a § 1983 claim in Indiana is two years. *See Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013).  The plaintiff signed his Complaint on January 18, 2017.  Therefore, all claims accruing prior to January 18, 2015, are barred by the

statute of limitations. The only allegations regarding Timothy Bartholomew and Jeffery Smith stem from late 2013 and 2014. Accordingly, all claims against these two defendants are **dismissed**.

As to the remaining defendants, however, the plaintiff's allegations are sufficient to state an Eighth Amendment claim regarding the treatment and pain management of his diabetes and medical issues with his right foot.

## III.

Given the foregoing, the following claims **shall proceed**:

- Eighth Amendment medical claims against Neil Martin, Naveen Rajoli, and Samuel Byrd regarding their treatment and pain management of the plaintiff's diabetes and right foot issues.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Neil Martin, (2) Naveen Rajoli, and (3) Samuel Byrd in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is **directed** to remove all defendants from the docket other than the three listed in the preceding paragraph.

**IT IS SO ORDERED.**

Date: 2/2/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY E. THOMPSON
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Dr. Neil Martin – Corizon Employee
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838

Dr. Naveen Rajoli – Corizon Employee
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838

Dr. Samuel Byrd – Corizon Employee
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838